## GIBBS v. MERMAUD.

A surety in a bond cannot have a writ of *ne exeat* against the principal as incidental to relief.

G. had become surety that M., a captain of a vessel sailing from Turks Island, would not take any slave away. A slave was found on board his vessel after sailing for New York. G. filed his bill to be protected as surety and for a writ of *ne exeat*. Although the writ issued, it was, on motion, discharged.

*June 23,*
1835.

*Ne exeat.*
*Surety.*

The complainant, George Gibbs Junior, resided in Turks Island, a territory belonging to the King of Great Britain; and the defendant Hypolite Mermaud was the master of the brig Felix, which had sailed from Turks Island for the port of New York.

It appeared by the bill that the complainant, as surety, with the defendant as principal, had executed a bond to the King of Great Britain, in the sum of one thousand pounds, conditioned that the said brig Felix should not, at her departure from Turks Island or from any other island or key within the British government, carry out any servant or slave, without leave of the master or owner or person having charge of the same first had and obtained in writing; That she had on board a slave, who had obtained his liberty in the city of New York; That thereby the complainant had become liable as such surety; and that the defendant was about sailing in the brig from the port of New York to some port in Cape Breton, and did not intend to return to New York. Prayer, that the defendant might be decreed to exonerate the complainant as such surety, by paying into this court the amount of the debt incurred by the forfeiture of the bond for the security of the complainant or might be decreed to give him adequate security that the same should be paid and the complainant held harmless and indemnified; and for a writ of *ne exeat*.

The writ issued; and a motion was now made to discharge it. For this purpose, affidavits were read which showed that the slave had secreted himself on board the brig, and the defendant was not aware of his being in the vessel until she was at sea and when it was too late to return the slave.

1835.

GIBBS
v.
MERMAUD.

Mr. *F. B. Cutting*, for the defendant.

Mr. *E. Paine*, for the complainant.

THE VICE-CHANCELLOR :—Upon the authority of the cases collected in 1 Hovenden's Supp. 352, (n. 3,) a writ of *ne exeat* can issue only where there is a money demand, as a debt due which can be verified positively by affidavit or in a matter of account upon belief as to the balance. A surety may have relief in this court, in some cases, against his principal, where the debt has become due, by compelling the principal to discharge the debt in exoneration of the surety. The cases of *Ranelagh* v. *Hayes*, 1 Vern. 189 ; *Antrobus* v. *Davidson*, 3 Meriv. 569, are to this effect : but how is the court to decree payment in this case ? to whom is the payment to be made ? and where is the creditor who is to receive it. Neither the king in person, nor the officers of his government can be compelled to come to this court for the money. Even if an effectual mode of relief could be devised, it does not follow, according to the English practice, that a writ of *ne exeat* is incidental to that relief. The parties are both subjects of the king of Great Britain ; and the complainant must be satisfied if the same rules are applied which would govern the decision of this motion were they before an English court of chancery.

The motion to discharge the writ is therefore granted.